IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHEN SHAWN CRENSHAW, ) | |
| # 238636, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 2:18cv169-WHA-CSC |
| ) | [WO] |
| WALTER MYERS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Stephen Shawn Crenshaw, an Alabama prisoner proceeding *pro se*. Doc. #1.[1] Crenshaw challenges his 2004 Lowndes County murder conviction and his resulting 40-year sentence of imprisonment. Respondents argue that Crenshaw's petition is time-barred under AEDPA's one-year limitation period. Doc. # 12 at 13–26. For the reasons that follow, the court agrees and finds the petition should be denied without an evidentiary hearing and this case should be dismissed with prejudice.

---

[1] References to "Doc(s). #" are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

# I. BACKGROUND

## A. State Criminal Conviction

On December 3, 2004, a Lowndes County jury found Crenshaw guilty of murder, in violation of § 13A-6-2, Ala. Code 1975.[2] Doc. # 12-1 at 2. On December 22, 2004, the trial court sentenced Crenshaw to 40 years in prison. *Id.* at 3.

Crenshaw appealed, arguing that (1) the trial court erred in admitting his confession into evidence; (2) the trial court erred in admitting autopsy photographs of the victim into evidence; (3) the State failed to timely respond to his requests for discovery; (4) the trial court improperly limited his ability to confront and cross-examine a prosecution witness; and (5) the trial court should have further examined a juror regarding her qualifications for service. Doc. # 12-2.

On March 17, 2006, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Crenshaw's conviction and sentence. Doc. # 12-5. Crenshaw applied for rehearing, which was overruled on April 7, 2006. Docs. # 12-6, 12-7. Crenshaw did not seek certiorari review in the Alabama Supreme Court. On April 26, 2006, the Alabama Court of Criminal Appeals issued a certificate of judgment. Doc. # 12-8.

---

[2] Crenshaw was convicted of fatally shooting Juan Harbison.

## B. State Post-Conviction Proceedings

### First Rule 32 Petition

On August 8, 2006, Crenshaw filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure ("Rule 32 petition").[3] Doc. # 12-9 at 8. In his Rule 32 petition, Crenshaw claimed his trial counsel rendered ineffective assistance by (1) failing to object to the State's arguments; (2) representing him while under a conflict of interest; (3) failing to request a jury instruction on manslaughter; and (4) failing to request examination of his competency. *Id*. at 2–26.

On July 25, 2017, the trial court entered an order denying the Rule 32 petition. Doc. # 12-12. Crenshaw appealed. Doc. # 12-13. However, he failed to file an appellant's brief supporting his appeal. After the Alabama Court of Criminal Appeals provided him with additional time to file the brief (Doc. # 12-14), Crenshaw did not do so. On November 20, 2007, the Alabama Court of Criminal Appeals dismissed Crenshaw's appeal and entered its certificate of judgment. Docs. # 15, 16.

---

[3] Applying the prison mailbox rule, the court deems Crenshaw's Rule 32 petition to have been filed on the date he delivered it to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999). The court applies the prison mailbox rule to two other Alabama Rule 32 petitions filed by Crenshaw and to his federal § 2254 petition.

## Second Rule 32 Petition

On August 1, 2008, Crenshaw filed a second Rule 32 petition in the trial court. Doc. # 12-17 at 11. In the petition Crenshaw argued that his appellate counsel on direct appeal rendered ineffective assistance by not raising various claims of ineffective assistance of trial counsel. *Id.* at 5–41. On March 22, 2011, the trial court dismissed Crenshaw's second Rule 32 petition as successive under Ala.R.Crim.P. 32.2(b). Doc. # 12-20. Crenshaw did not appeal from that judgment.

## Third Rule 32 Petition

On March 25, 2015, Crenshaw filed a third Rule 32 petition in the trial court. Doc. # 12-21 at 16. In the petition, Crenshaw argued that his conviction and sentence were illegal because his conduct during the fatal shooting was an exercise of self-defense constitutionally protected under *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), and that the Alabama Constitution of 1901 was unconstitutional because it did not protect his right to self-defense. *Id*. at 9–26. Crenshaw maintained he could not have raised his claims earlier because he did not discover the two Supreme Court opinions until May 24, 2014, due to inadequate prison library facilities. *Id*. at 24–25. The trial court dismissed Crenshaw's third Rule 32 petition on June 29, 2016. *Id*. at 39–40.

Crenshaw appealed, reasserting his arguments related to self-defense. Doc. # 12-22. On December 9, 2016, the Alabama Court of Criminal Appeals issued a

memorandum opinion affirming the trial court's judgment dismissing Crenshaw's third Rule 32 petition. Doc. # 12-24. Crenshaw applied for rehearing, which was overruled on January 20, 2017. Docs. # 12-25, 12-26. Crenshaw filed a petition for writ of certiorari in the Alabama Supreme Court, which that court denied on March 10, 2017. Docs. # 12-27, 12-28. A certificate of judgment issued that same date. Docs. # 12-28, 12-29.

### C.  Federal Habeas Petition

On June 6, 2017, acting *pro se*, Crenshaw filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Alabama ("USDC NDAL") challenging his murder conviction and 40-year sentence. Doc. # 1.  On February 28, 2018, the USDC NDAL transferred Crenshaw's § 2254 petition to this court under 28 U.S.C. §§ 2241(d) and 1631. Docs. # 4, 5, 6, 7,  In his petition, Crenshaw contends that the right to self-defense under the Second Amendment was a "newly recognized right" under United States Supreme Court's decisions in District of *Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), and that he did not discover these holdings until May 24, 2014, because of "inadequate access to legal material and prison overcrowding[.]" Doc. # 1 at 7–12. He argues that "the 2nd and 14th Amendment protected his conduct [shooting and killing the victim] from being criminally punished for protecting himself." *Id.* at 12. Respondents have filed an

answer (Doc. # 12) arguing, among other things, that Crenshaw's petition is time-barred under AEDPA's one-year limitation period. *See* 28 U.S.C. § 2244(d).

## II. DISCUSSION

### A. AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for filing a § 2254 petition. Title 28 U.S.C. § 2244(d) of AEDPA states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

>judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.   Analysis of Timeliness**

Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period runs from the date on which a petitioner's state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review." A state prisoner's conviction becomes final when the United States Supreme Court denies a petition for writ of certiorari or decides on the merits, or when the 90-day period in which to petition the Supreme Court for certiorari expires. *Nix v. Sec'y for the Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir. 2004). *See also, e.g., Coates v. Byrd*, 211 F. 3d 1225 (11th Cir. 2000); Rule 13.1, Rules of the United States Supreme Court. However, when certiorari review in the state's highest court is not sought, an appellant divests the United States Supreme Court of jurisdiction to review a petition for a writ of certiorari in that Court. *See* Rule 13.1, Rules of the United States Supreme Court. During the direct-review stage of his case, Crenshaw did not seek certiorari review in the Alabama Supreme Court. Therefore, Crenshaw's conviction became final, and the one-year limitation period in § 2244(d)(1)(A) began to run, on April 26, 2006—the date on which the Alabama Court of Criminal Appeals issued a certificate of judgment. Absent some tolling

event, statutory or equitable, the federal limitation period for Crenshaw to file a § 2254 petition was due to expire on April 26, 2007.

### 1. *Statutory Tolling*

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging the petitioner's conviction and sentence. *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"); *see also Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001); *Moore v. Crosby*, 182 F. App'x 941 (11th Cir. 2006). On August 8, 2006, Crenshaw filed an Alabama Rule 32 petition, his first. At that time, AEDPA's limitation period had run for 104 days (from April 26, 2006, to August 8, 2006). The Rule 32 proceedings concluded on November 20, 2007—starting AEDPA's clock running again—when the Alabama Court of Criminal Appeals issued a certificate of judgment in Crenshaw's appeal from the trial court's denial of the Rule 32 petition. On that date, Crenshaw had 261 days (365 – 104) days remaining to file a timely § 2254 petition.

Crenshaw filed a second Rule 32 petition on August 1, 2008—255 days after the conclusion of the proceedings in his first Rule 32 action. That filing, however, did not effect tolling of AEDPA's limitation period under § 2244(d)(2), because the

8

second Rule 32 petition was untimely under Rule 32.2(c) of the Alabama Rules of Criminal Procedure and thus was not a "properly filed" petition, as required for tolling under § 2244(d)(2). *Gorby v. McNeil*, 530 F.3d 1363, 1368 (11th Cir. 2008); *see also, e.g., Walton v. Sec'y, Fla. Dep't of Corr.*, 661 F.3d 1308, 1312 (11th Cir. 2011) (finding that federal habeas petitioner's second state post-conviction petition was untimely and thus with no tolling effect on federal petition, though the state post-conviction petition was denied only on successiveness grounds). "When a state court has not addressed the timeliness of a petition, we must examine the delay in each case and determine what the state courts would have held in respect to timeliness." *Button v. Sec'y, Fla. Dep't of Corr.,* 702 F. App'x 936, 937 (11th Cir. 2017), citing *Evans v. Chavis*, 546 U.S. 189, 197–98 (2006). Thus, for Crenshaw, AEDPA's limitation period under § 2244(d)(1)(A) expired on August 7, 2008 (i.e., six days after it began to run again on August 1, 2008, with a total of 359 days having already run ). Crenshaw filed his § 2254 petition on June 6, 2017, almost nine years after the AEDPA limitation period expired.[4]

---

[4] Because the AEDPA limitation period expired on August 7, 2008, Crenshaw's third Rule 32 petition, filed on March 25, 2015, also could have no tolling effect under § 2244(d)(2). A Rule 32 petition does not toll the limitation period under § 2244(d)(2) if the limitation period has already expired prior to filing the Rule 32 petition. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired."); *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll."). The court notes that even if Crenshaw were allowed tolling under § 2244(d)(2) based on the filing of his second Rule 32 petition on August 1, 2008, his § 2254

The provisions of 28 U.S.C. § 2244(d)(1)(B) through (D) provide no safe harbor for Crenshaw by affording a different triggering date so that the AEDPA limitation period commenced on some date later than April 26, 2006, or (with tolling under § 2244(d)(2)) expired on some date later than August 7, 2008. There is no evidence that an unlawful state action impeded Crenshaw from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Further, Crenshaw's § 2254 petition cannot be deemed timely filed within one year of a newly recognized, retroactively applicable right by the United States Supreme Court under § 2244(d)(1)(C). Crenshaw's claims arise from his erroneous belief that the Supreme Court's decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), created a right to self-defense. Both Supreme Court cases hold that self-defense is "the central component" of the right to bear arms under the Second Amendment. *See McDonald*, 561 U.S. at 744, quoting *Heller,* 554 U.S. at 599 ("self-defense is 'the central component' of the Second Amendment right."). While both cases emphasize that the Second Amendment protects a personal right to bear arms for lawful purposes, "most notably for self-

---

petition was still filed well after expiration of the AEDPA limitation period. The trial court dismissed Crenshaw's second Rule 32 petition on March 22, 2011, and Crenshaw did not appeal that judgement. Thus, the proceedings on the second Rule 32 petition were final 42 days later, on May 3, 2011—the time within which Crenshaw had to appeal the trial court's judgment. *See* Ala.R.Crim.P. 32.10(a); Ala.R.App.P. 4(b)(1). Under this scenario, the AEDPA limitation would have expired on May 9, 2011—more than six years before Crenshaw filed his § 2254 petition.

defense within the home[,]" *McDonald*, 561 U.S. at 780, these were not newly issued rights, much less new rights designated to have retroactive application. Further, nothing in *Heller* and *McDonald* discusses relief for any individuals convicted of a crime that they claim was an act of self-defense. Thus, § 2244(d)(1)(C) does not provide the limitation period for Crenshaw's § 2254 petition.[5]

Finally, § 2244(d)(1)(D) does not provide the limitation period for Crenshaw's § 2254 petition. Crenshaw's attempt to rely on a novel legal theory predicated on his interpretation of two Supreme Court decisions does not amount to a claim predicated on "facts" that could not have been discovered at an earlier time.[6] A judicial opinion to which a petitioner is not a party is, at most, a legal predicate to a claim, not new evidence providing a factual predicate for § 2244(d)(1)(D). That Crenshaw was purportedly unaware of the opinions in *Heller* and *McDonald* until May 2014 due to his lack of access to legal materials is of no consequence under § 2244(d)(1)(D) to the timeliness of his § 2254 petition.

---

[5] Crenshaw filed his § 2254 petition more than one year after both of the Supreme Court decisions in question.

[6] Self-defense has long been recognized by Alabama as an affirmative defense to murder, and therefore, nothing prevented Crenshaw from raising this defense prior to the Supreme Court's decisions in *Heller* and *McDonald*, including at trial. *See Harrison v. State*, 203 So. 3d 126, 130 (Ala. Crim. App. 2015) (stating that "Alabama law has always allowed a defendant to argue self-defense at trial").

The AEDPA limitation period expired for Crenshaw on August 7, 2008. Consequently, his § 2254 petition was filed well after the AEDPA limitation period expired.

### 2. *Equitable Tolling*

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The diligence required is reasonable diligence, not "maximum feasible diligence," *id.* at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil*, 633 F. 3d 1257, 1267 (11th Cir. 2011). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). "The petitioner bears the burden of showing that equitable tolling is warranted." *Id.*

Crenshaw argues he is entitled to equitable tolling—and that the untimely filing of his § 2254 petition should be excused—because the law library in the prison

where he was incarcerated was inadequate and he had limited access to the law library, so that he did not discover the Supreme Court decisions in *McDonald* and *Heller* before the limitation period for him to file his § 2254 petition had elapsed. *See Doc. No. 14* at 4–5. Cursory assertions, like Crenshaw's, regarding the inadequacy of, and access to, a prison law library are insufficient to warrant equitable tolling of the statute of limitations. *See Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Consequently, the court concludes Crenshaw is not entitled to equitable tolling on this basis.

Relatedly, Crenshaw asserts he was hindered from filing a timely § 2254 petition because the prison where he was incarcerated was on lockdown for various periods during the running of the AEDPA limitation period. Crenshaw's assertions in this regard are vague and conclusory. Therefore, they do not warrant equitable tolling. *See Akins*, 204 F.3d at 1089–90 (lockdown would not equitably toll the running of the AEDPA limitation period because prisoner had adequate time to file a timely motion to vacate when he was not in a lockdown situation); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (lack of access to law library and legal papers for as much as ten months of one-year limitation period was not extraordinary, and petitioner failed to allege how lack of access thwarted his efforts to file a timely petition). Further, Crenshaw refers only to lockdowns that allegedly occurred in 2010 and 2015. As stated above, the AEDPA limitation period expired

13

for Crenshaw on August 7, 2008. Any prison lockdowns that occurred in 2010 and 2015 could not have caused the untimely filing of his § 2254. The extraordinary circumstances prong for equitable tolling requires that such a causal connection be demonstrated. *See San Martin*, 633 F. 3d at 1267.

Crenshaw has not met his burden of showing that equitable tolling is warranted in his case. Therefore, his petition is time-barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A).

### 3. *Actual Innocence*

The AEDPA statute of limitations can be overcome by a credible showing of actual innocence. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

The standard exacted by the Supreme Court in *Schlup* "is demanding and permits review only in the "extraordinary" case." *House v. Bell*, 547 U.S. 518, 538 (2006). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue

before [a federal district] court is not legal innocence but factual innocence."). In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

To the extent Crenshaw might assert he is actually innocent of murder, his claim is predicated on a claim that he acted in self-defense. However, he points to no new reliable evidence, as required by *Schlup*, to support a claim that he acted in self-defense. Instead, in addition to citing the Supreme Court decisions in *McDonald* and *Heller*, he references evidence adduced at trial and argues that the evidence should be understood in a different light, i.e., that his actions were in self-defense. Essentially, he reargues the sufficiency and weight of the evidence. Such arguments, predicated on his interpretation of the import of the evidence, will not sustain a claim of actual innocence. *See Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that claim of actual innocence must be supported by "reliable evidence not presented at trial"); *Rozzelle v. Sec'y, Florida Dep't of Corr.,* 672 F.3d 1000, 1017–18 (11th Cir. 2012) (evidence is not considered "new" when the jury heard the

substance of virtually all such evidence); *Rutledge v. Neilsen*, 2012 WL 3778987, at *7 (M.D. Ala. 2012) (allegations going to sufficiency of and/or weight afforded the evidence do not constitute "new reliable evidence" regarding petitioner's actual innocence).

Crenshaw fails to satisfy the actual-innocence exception to the habeas statute's time-bar as articulated in *Schlup*. As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted). Crenshaw's is not such a case. Because the actual-innocence exception does not apply, the claims in Crenshaw's time-barred § 2254 petition are not subject to federal habeas review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Crenshaw's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before January 5, 2021. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous,

conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE on this 22nd day of December, 2020.

       /s/ Charles S. Coody
      CHARLES S. COODY
      UNITED STATES MAGISTRATE JUDGE